607 F.2d 1011
 197 U.S.App.D.C. 181
 AMERICAN PAPER INSTITUTE, INC., Petitioner,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents,
National Association of Recycling Industries, Inc., Intervenor.
 No. 79-1583.
 United States Court of Appeals,
District of Columbia Circuit.
 Sept. 7, 1979.
 
 On Motion to Dismiss.
 Edward L. Merrigan, Washington, D. C., was on the motion to dismiss, for intervenor.
 John F. Donelan and John K. Maser, III, Washington, D. C., were on the opposition to the motion to dismiss, for petitioner.
 Robert S. Burk, Kenneth G. Caplan and David Popowski, Attys., I. C. C., Washington, D. C., for respondent I. C. C.
 John J. Powers, III and Robert Lewis Thompson, Attys., Dept. of Justice, Washington, D. C., for respondent United States of America.
 Before MacKINNON*, ROBB and WILKEY, Circuit Judges.
 Opinion for the court PER CURIAM.
 
 PER CURIAM:
 
 1
 American Paper Institute, Inc. (API) filed a petition for review of an ICC order. The petition conformed to the notice requirements of Rule 15(a) of the Federal Rules of Appellate Procedure, being modeled after Form 3 of the Appendix of forms. Intervenor[1] National Association of Recycling Industries, Inc. (NARI) has moved to dismiss or strike the petition because the petition does not conform to the more specific requirements of the Hobbs Act, 28 U.S.C. § 2344 (1976). Because Rule 15(a) supersedes section 2344 with respect to forms of petitions, the motion is denied.
 
 
 2
 Section 2344 provides that a petition for review from an ICC proceeding "shall contain a concise statement of (1) the nature of the proceedings as to which review is sought; (2) the facts on which venue is based; (3) the grounds on which relief is sought; and (4) the relief prayed." Intervenor NARI contends that because API's petition for review does not contain the statements required by section 2344, the petition must be dismissed or striken.
 
 
 3
 Petitioner API argues that the strict pleading requirements of section 2344 have been superseded by Rule 15(a) of the Federal Rules of Appellate Procedure, which requires only that a petition for review "specify the parties seeking review," and "designate the respondent and the order or part thereof to be reviewed." We agree.
 
 
 4
 The Federal Rules of Appellate procedure were promulgated by the Supreme Court of the United States[2] pursuant to 28 U.S.C. § 2072, which provides, in part:
 
 
 5
 The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts and courts of appeals of the United States in civil actions, including . . . the practice and procedure in proceedings . . . for the judicial review or enforcement of orders of administrative agencies, boards, commissions, and officers.
 
 
 6
 All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. Nothing in this title, anything therein to the contrary notwithstanding, shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court.[3]
 
 
 7
 Thus, conflicting statutes are superseded by the Federal Rules of Appellate Procedure.
 
 
 8
 That Rule 15(a) was meant to supersede section 2344 is made clear in the Advisory Committee's comments about the Rule:
 
 
 9
 The proposed rule supersedes 28 U.S.C. § 2344 and other statutory provisions prescribing the form of the petition for review and permits review to be initiated by the filing of a simple petition similar in form to the notice of appeal used in appeals from judgments of district courts. The more elaborate form of petition for review now required is rarely useful either to the litigants or to the courts. There is no effective, reasonable way of obliging petitioners to come to the real issues before those issues are formulated in the briefs. . . .[4]
 
 
 10
 In view of the clear intent of the Advisory Committee that Rule 15(a) supersede section 2344, and because the specificity requirements of section 2344 conflict with the notice-only requirement of Rule 15(a), the Rule requirements supersede those of the statute.
 
 
 11
 There are, however, two reported opinions of this court that may obliquely contravene this proposition. In Microwave Communications, Inc. v. FCC (MIC)[5] this court held that the time for filing a petition for review does not expire earlier than sixty days from the issuance of the full text of the disputed order. One of the reasons for so holding was that the court could not "envision how preparation of a petition for review conforming to (28 U.S.C. § 2344 and 47 U.S.C. § 402(a)) requirements (of argumentative particularity) could responsibly be undertaken simply on the basis of . . . a (news release)."[6]
 
 
 12
 In Industrial Union Department v. Bingham[7] a petition for review was filed after an OSHA standard was disclosed to a representative group of interested organizations, but before it was announced and the text was released to the public at a press conference. The court held that the petition was not premature. The court noted that MCI "held that the period for seeking review of an FCC order began only when its full text was made available." The court reasoned that MCI was factually distinguishable and moreover the requirement of a statement of reasons in a petition/notice, as required by 28 U.S.C. § 2344 and 47 U.S.C. § 402(c), distinguished, for purposes of determining whether a petition/notice has been filed prematurely, appeals of FCC orders from appeals of orders of other agencies in which the governing statutes do not require a statement of reasons.[8]
 
 
 13
 Both these cases appear to assume that the section 2344 requirements of petition format are applicable in the relevant agency review proceedings. However, because it does not appear that the court considered the effect of Rule 15(a) in reaching these results, and because a conclusion that section 2344 specificity requirements are still valid was not essential to the outcome in either case, the opinions are not inconsistent with today's holding that Rule 15(a) notice requirements supersede the argumentative particularity mandate in section 2344.
 
 CONCLUSION
 
 14
 Because the Advisory Committee's notes and the conflicting nature of the requirements of Rule 15(a) and section 2344 make clear that the rule supersedes the statute, and in the absence of contrary binding precedent, the motion to dismiss or strike the petition is denied.
 
 
 
 *
 Circuit Judge MacKinnon did not participate in the foregoing decision
 
 
 [1]
 While NARI is a petitioner in No. 79-1393, it is an intervenor in No. 79-1583. The two cases, along with several others, were consolidated for review by order dated 14 June 1979
 
 
 [2]
 The Order of the Court promulgating the Appellate Rules is reported at 389 U.S. 1063 (1968)
 
 
 [3]
 28 U.S.C. § 2072 (1976) (emphasis added)
 
 
 [4]
 Notes of Advisory Committee on Appellate Rules, Reprinted following 28 U.S.C. App. Fed. R.App. P. 15 (1976)
 
 
 [5]
 169 U.S.App.D.C. 154, 515 F.2d 385 (D.C. Cir. 1974)
 
 
 [6]
 169 U.S.App.D.C. at 160, 515 F.2d at 391
 
 
 [7]
 187 U.S.App.D.C. 56, 570 F.2d 965 (D.C. Cir. 1977)
 
 
 [8]
 Id. at 969 n.6